# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

UNITED STATES OF AMERICA,

      v.

BRIAN WYATT,

      Defendant.

CASE NO.: 4:19-cr-182

## <u>O R D E R</u>

This matter came before the Court on January 29, 2020, for a hearing on Defendant's "Motion for Amendment of Order of Detention." (Doc. 14.) For the reasons stated on the record at the hearing and summarized below, the Court **DENIES** Defendant's Motion, and **AFFIRMS** the Magistrate Judge's Order of Detention.[1]

The Bail Reform Act of 1984 (the "Act") establishes the considerations the Court must weigh and the procedures the Court must follow in assessing whether to detain or release a criminal defendant awaiting trial. 18 U.S.C. § 3142. "There can be no doubt that this Act clearly favors nondetention." <u>United States v. Byrd</u>, 969 F.2d 106, 109 (5th Cir. 1992). In limited cases, the Act supplies a rebuttable presumption that the defendant must be detained. 18 U.S.C. § 3142(e)(2)–(3). The parties agreed at the hearing that such a presumption exists in this case given the charges against Defendant, but they disagree as to whether Defendant rebutted that

---

[1] The Defendant's appeal required the Court to evaluate the evidence against Defendant and to comment upon the charges against him and the circumstances surrounding those charges. Specifically, the Court made several factual determinations regarding the Defendant's conduct towards and communications regarding the intended victim in this case. However, those determinations were solely for the purpose of determining pretrial detention and should not in any way be seen as commentary regarding Defendant's ultimate guilt or innocence. The Court stresses at the outset that Defendant is presumed innocent of the charges against him and nothing in this Order should be taken as disturbing that presumption.

presumption.

Under the Act, "[t]wo conditions must be met before pretrial detention may be ordered." United States v. Ervin, 818 F. Supp. 2d 1314, 1316 (M.D. Ala. 2011) (citing Byrd, 969 F.2d at 109; United States v. Ploof, 851 F.2d 7, 11 (1st Cir. 1988); and United States v. Friedman, 837 F.2d 48, 49 (2d Cir. 1988)). First, pursuant to 18 U.S.C. § 3142(e), the Court may only detain a defendant "after a hearing pursuant to the provisions of subsection (f)." Subsection (f), in turn, lists seven circumstances that obligate the Court to hold a detention hearing. Thus, the first condition requires that at least one of the seven Subsection (f) circumstances be present and that the Court hold a Subsection (f) hearing due to those circumstances. Second, after the hearing pursuant Subsection (f), the Court can only detain a defendant if it finds "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(l).

The Act specifies four factors the Court shall consider in determining whether there are conditions that will reasonably assure safety and appearance: (1) the nature and circumstances of the offense charged, including whether it is a crime of violence or terrorism, or involves a minor victim, controlled substance, firearm, or explosive device; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community posed by the defendant's release. 18 U.S.C. § 3142(g)(l)– (4). The government's burden of proof with respect to dangerousness is by clear and convincing evidence and the government's burden as to appearance in court is by a preponderance of the evidence. United States v. Quartermaine, 913 F.2d 910, 917 (11th Cir. 1990) (citing United States v. King, 849 F.2d 485, 489, 489 n.3 (11th Cir. 1988)); see also 18 U.S.C. § 3142(f)(2). "The rules concerning admissibility of evidence in criminal trials do not apply to the presentation

and consideration of information at the [detention] hearing." 18 U.S.C. § 3142(f)(2). Moreover, nothing in the Bail Reform Act "shall be construed as modifying or limiting the presumption of innocence." 18 U.S.C. § 3142(j).

The matter is before the Court pursuant to 18 U.S.C. § 3145, which provides that "[i]f a person is ordered detained by a magistrate judge, . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." Upon such a motion, the Court conducts an independent review to determine whether the magistrate judge properly found that pretrial detention was necessary. King, 849 F.2d at 490.

While the Defendant requested a *de novo* hearing in this matter and the Court held such a hearing, the Court is not required to hold such a hearing but must conduct a *de novo* review of the proceedings including the parties' arguments and the transcript of the hearing before the Magistrate Judge. United States v. Gaviria, 828 F.2d 667, 670 (11th Cir. 1987) (rejecting defendant's contention that the district judge "erred in failing to conduct a *de novo* hearing" where district court's order "expressly state[d] that it affirmed the magistrate's order after reviewing 'the Government's and Defendants' Memorandum of Law and the transcript of the proceedings before the Magistrate in accordance with U.S. v. Hurtado, 779 F.2d 1467 (11th Cir. 1985).'"). "In conducting the review [of a detention order], the district court may rely entirely on the pleadings and the evidence developed at the magistrate judge's detention hearing, or it may conclude that additional evidence is necessary and conduct its own evidentiary hearing." United States v. Ansah, No. 1:17-CR-381-WSD, 2018 WL 817241, at *2 (N.D. Ga. Feb. 9, 2018) (citing King, 849 F.2d at 490). Here, given that neither side filed a transcript of the proceedings before the Magistrate Judge, the Court elected to hold a *de novo* hearing.

Based on the evidence the Court received at the hearing, the Court finds by clear and

convincing evidence that Defendant poses a signification danger to the safety of the community, and any conditions of release would be inadequate to reasonably assure the community's safety. As explained at the hearing, the Government offered evidence that the Defendant engaged in a series of extremely disturbing communications of a sexual nature with an individual that he believed to be a fourteen-year old girl. Further, Defendant took affirmative steps to meet the intended victim for repugnant purposes. Defendant's conduct towards the intended victim in this case and the proof of that conduct outlined at the hearing leads to a conclusion that all four factors: 1) the nature and circumstances of the offense charged, including whether it is a crime of violence or terrorism, or involves a minor victim, controlled substance, firearm, or explosive device; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community posed by the defendant's release, all compel the Court to detain Defendant pending trial. Conditions which restrict Defendant's travel, personal contacts, and possession of drugs, alcohol, and/or firearms; require reporting, education, employment, or treatment; or monitor Defendant's movements or conduct; or any combination of these conditions or others currently proposed or available will not sufficiently ameliorate the risks posed if the defendant is released.

Therefore, after an independent and *de novo* review of the entire record in this case and for the reasons explained at the hearing, the Court **AFFIRMS** the Magistrate Judge's Order of Detention and **DENIES** Defendant's Appeal. Defendant shall remain detained pending the conclusion of this case pursuant to 18 U.S.C. § 3142 (e). The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The defendant must be afforded a reasonable opportunity to consult

privately with defense counsel. On order of the United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

**SO ORDERED**, this 4th day of February, 2020.

_____

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA